UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERNEST RIVERS,

                  Petitioner,

— against —

IMMIGRATION, BROOKLYN SUPREME,
N.Y. CORRECTION,[1]

                  Respondents,
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 20 2010
P.M.
TIME A.M.

**MEMORANDUM and ORDER**

07-CV-865 (SLT) (CLP)

**TOWNES, United States District Judge:**

Ernest Rivers ("Petitioner"), proceeding *pro se*, brought this petition for the writ of habeas corpus pursuant to 28 U.S.C § 2254, ostensibly challenging a guilty plea for burglary in the third degree before the Supreme Court of the State of New York, Kings County. Petitioner initially filed this action in the United States District Court for the Southern District of New York on February 14, 2007. The petition was transferred to this Court and received on February 26, 2007.

For the reasons stated below, this petition for habeas relief is dismissed without prejudice.

## BACKGROUND

On March 14, 2006, Petitioner attempted to break into a basement apartment at 1019 Montgomery Street in Brooklyn, New York. After trying to open two windows and knocking on a ground floor window, the owner of the apartment building opened the door. After mumbling some words, Petitioner then rushed past the owner and entered the basement of the building. The

---

[1] The proper respondent in a habeas corpus petition is the officer having custody of the petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.



1

owner confronted Petitioner and directed his wife to call 911. Petitioner locked himself inside a basement apartment and tried to climb out a window. The owner broke the door down, and the police arrived and arrested Petition inside the apartment building.

Petitioner was then charged with one count of burglary in the second degree, N.Y. PENAL LAW § 140.25(2); burglary in the third degree, N.Y. PENAL LAW § 140.20; and criminal trespass in the second degree, N.Y. PENAL LAW § 140.15. Then represented by counsel, Petitioner pleaded guilty to burglary in the third degree on November 29, 2006. On December 20, 2006, Petitioner was sentenced to a prison term of three and one-half to seven years. According to Respondent, Petitioner did not file a direct appeal of his conviction and sentence.

Petitioner first filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 27, 2006, again in the United States District Court for the Southern District of New York, which promptly transferred the case to this Court. The Court received the petition on January 11, 2007. On February 6, 2007, this Court dismissed the petition without prejudice as premature. *See Rivers v. Immigration et al.*, No. 07-cv-281, 2007 WL 433386 (E.D.N.Y. Feb. 6, 2007). At that point, it was not clear to the Court that Petitioner's criminal case had ended in a conviction, whether he appealed any conviction, or whether he had sought any post-conviction relief in the state courts as required by the exhaustion requirement of § 2254 habeas petitions. *See id.* at *1. Thus, the Court found that Petitioner failed to make the necessary showing that he satisfied the exhaustion requirement set forth in 28 U.S.C. § 2254(b)(1) and dismissed it without prejudice as premature. *Id.* The Court noted that a future petition would not be "second or successive" as a state petitioner may bring a new petition based on an exhausted claim if his petition was previously dismissed without prejudice for failure to exhaust state remedies. *Id.* at *2 n.4 (citing *Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996)).

The Court now turns to the instant petition. In this petition, Petitioner raises four claims: (1) the prosecutor committed a *Brady* violation by failing to disclose the fact that the building owner opened the door and let Petitioner in the apartment building; (2) Petitioner's guilty plea was coerced by his trial attorney; (3) Petitioner's trial attorney provided ineffective assistance because he failed to file an unspecified motion; and (4) there was insufficient probable cause to support Petitioner's arrest.

## DISCUSSION

### I. Exhaustion Requirement

Before a federal court may grant habeas relief to a prisoner in state custody, the prisoner must exhaust his or her state court remedies. *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005). As codified by the habeas corpus statute, a petitioner must first exhaust "the remedies available in the courts of the State" or show that "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Thus, a federal court must consider whether a habeas petitioner adequately exhausted state remedies by fairly presenting both the factual and legal premises for his federal claim to the appropriate state courts. *Georgison v. Donelli*, 588 F.3d 145, 153 (2d Cir. 2009).

The exhaustion requirement is strict and reserves only few and narrow exceptions. *Id.* at 153. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal quotation marks omitted). Although the necessity to exhaust is strict, however, the standard for determining

whether exhaustion has been met is relatively low. *Georgison*, 588 F.3d at 153 (citing *Galdamez*, 394 F.3d at 72). The Supreme Court has warned that the exhaustion requirement only requires "that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original).

Thus to satisfy this requirement, "state prisoners must give the state courts *one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Galdamez*, 394 F.3d at 73 (quoting *O'Sullivan*, 526 U.S. at 844). "In New York, [one complete round requires] a criminal defendant [to] first appeal his or her conviction to the Appellate Division, and then [to] seek further review of the conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Id.* at 74.

## II. Application

In this case, Respondent argues that Petitioner has not exhausted any of his claims. Indeed, there is no evidence that Petitioner has appealed his guilty plea to an appropriate state court. His petition states that he appealed his conviction to "SDNY and Bronx Superme [sic]." Pet. 2. First, in referring to "SDNY," Petitioner likely meant his first petition for habeas corpus disposed of by this Court on February 6, 2007. In any case, an appeal to the federal district court in the Southern District of New York from a guilty plea in New York Supreme Court, Kings County does not satisfy the exhaustion requirement as a federal district court is not a "court[] of the State" under 28 U.S.C. § 2254(b)(1). Second, with regard to the "Bronx Superme" appeal, Petition submitted a document entitled "Notice of Motion to Inspect Jury Minutes and Dismiss Indictment on the Grounds that Evidence Before the Grand Jury was Not Legally Sufficient." A handwritten note on the document states that the "motion" was sent to "Bronx Supreme." This document is dated October 21, 2006 – more than a month *before* Petitioner pleaded guilty to the

burglary charge – and, thus, cannot be considered an appeal from his plea or an exhaustion of his state remedies.

Petitioner also annexed a several documents bearing a "Supreme Court of the State of New York, County of Kings" heading to his instant petition: (1) one purporting to be a "Notice of Motion Withdrawl [sic] of Plea"; (2) one purporting to be a "Notice of Motion to Vacate Judgment CPL 440.10"; (3) an "Affidavit in Support"; (4) an "Affidavit of Service Mail"; (5) "Notice of Motion to Inspect Grand Jury Minutes and Dismiss Indictment on the Ground the Evidence Before the Grand Jury was Not Legally Sufficient to CPL 210.30"; and (6) "Affidavit in Support of Motion to Inspect Grand Jury Minutes. . .". Nevertheless, none of these documents are signed and dated by a notary or date stamped by a court. No evidence suggests that these documents were actually filed in New York Supreme Court and the record contains no decisions by the New York Supreme Court indicating that Petitioner filed a valid appeal of his guilty plea.

In New York, Petitioner was required to appeal his conviction to the Appellate Division and then seek leave to appeal to the Court of Appeals to fully exhaust his remedies. *Galdamez*, 394 F.3d at 74. Here, nothing in the record establishes that Petitioner appealed his plea to the Appellate Division, let alone the Court of Appeals. Accordingly, this petition must be dismissed for failure to exhaust state court remedies.

Respondent contends that Petitioner's claims may still be appealable. Respondent maintains that the claims that rely on facts not in the state court records can be presented to the New York Supreme Court under N.Y. Crim. Proc. Law § 440.10 and those claims that can be discerned from the record can be raised on direct appeal. Consequently, the Court dismisses this petition without prejudice as Petitioner may still have the opportunity to utilize his state court remedies.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for the writ of habeas corpus is dismissed without prejudice.

**SO ORDERED.**

Dated: Brooklyn, New York
      January 14, 2009

/s/
SANDRA L. TOWNES
United States District Judge